UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JASON DOE, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C18-0698JLR<br><br>ORDER OF DISMISSAL |

## I.　INTRODUCTION

Before the court are *pro se* Plaintiff Mark Mayes's complaint against Jason Doe and Loring Job Corps Center ("Job Corps") (collectively, "Defendants") (*see* Compl. (Dkt. # 5)); Magistrate Judge Brian A. Tsuchida's order granting Mr. Mayes *in forma pauperis* ("IFP") status and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4) at 1); Mr. Mayes's motion to appoint counsel (MTA (Dkt. # 6)); and Mr. Mayes's motion for the issuance of the summons (Mot. (Dkt. # 7)).

The court first concludes that Mr. Mayes has not met his burden of establishing the circumstances that warrant appointment of counsel. Thus, the court denies his motion to appoint counsel. Additionally, under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Mayes's complaint falls within the category of pleadings that the court must dismiss. Because the court dismisses Mr. Mayes's complaint, Mr. Mayes's motion to issue a summons is likewise denied as moot.[1]

## II. BACKGROUND

Mr. Mayes brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, against Jobs Corps and Jason Doe, a teacher.[2] (*See* Compl. at 3-4.) He alleges that he "was subject[ed] to disparate treatment" based on race during his time in Job Corps; that Jason Doe "choked and harassed" him; and that he was "later assaulted [and] then kick[ed] out [of] the program." (*Id.* at 4.) Mr. Mayes was allegedly

---

[1] A motion for the issuance of summons is not required because the court will automatically issue summons if the complaint passes muster under § 1915(e). Thus, if Mr. Mayes files an amended complaint that complies with the directives in this order, *infra* § III, he does not need to re-file a motion for the issuance of the summons.

[2] Although Mr. Mayes does not explicitly say so, it appears that Jason Doe was a teacher for Jobs Corps. (*See* Compl. at 3-5.)

terminated in retaliation based on those events (*id.*), and seeks $1,000,000.00 in damages (*id.* at 6).

Mr. Mayes filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 6, 8.) Based on its investigation, the EEOC concluded that Mr. Mayes's "charge was not timely filed" because he "waited too long after the date(s) of the alleged discrimination to file [his] charge." (*Id.* at 8.) On February 27, 2018, the EEOC issued a notice of Mr. Mayes's right to sue (*id.*), and Mr. Mayes filed this suit on May 15, 2018 (*id.* at 1).

On May 18, 2018, Magistrate Judge Tsuchida, in granting Mr. Mayes IFP status, recommended that the court review the complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.) Mr. Mayes subsequently filed two motions: one requesting appointment of counsel and another seeking the issuance of summons. (*See* MTA; Mot.) The court now addresses Mr. Mayes's motion to appoint counsel and reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).

## III. ANALYSIS

### A. Motion to Appoint Counsel

Mr. Mayes requests that the court appoint counsel. (MTA at 1.) "A plaintiff has no constitutional right to appointed counsel for employment discrimination claims." *Shepherd-Sampson v. Paratransit Servs.*, No. C13-5888BHS, 2014 WL 3728768, at *2 (W.D. Wash. July 25, 2014). However, the court has authority to appoint counsel for actions brought under Title VII pursuant to 42 U.S.C. §§ 2000e-5(f)(1). *See id.* Courts evaluate three factors in determining appointment of counsel: "(1) the plaintiff's

financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

The court concludes that Mr. Mayes's submissions do not support the appointment of counsel. First, Mr. Mayes makes an insufficient showing of his efforts to secure counsel on his own. (*See* MTA at 2.) He merely states that he "contacted and e-mailed at least 5 law firms" but was told "that [his] case was not for enough money." (*Id.*) He does not indicate, however, when he contacted them or if he checked with other entities that provide pro bono legal services or could assist him in securing pro bono representation. (*See id.*) Moreover, Mr. Mayes makes no argument as to the likelihood of success on the merits of his claims (*see id.*), and after the court's independent review, the court cannot say that his claims are likely to succeed because of the lack of factual allegations to support Mr. Mayes's claims, *see infra* § III.B. Thus, the court denies Mr. Mayes's motion to appoint counsel.

**B.  Section 1915 Review**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ORDER - 4

Although the pleading standard articulated in Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). A person suffers disparate treatment "when he or she is singled out and treated less favorably than others similarly situated on account of race." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotation marks omitted) (quoting *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988)). Additionally, Title VII protects against retaliation by making it unlawful for an employer to take adverse employment action against an employee because he "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).

The court concludes that Mr. Mayes fails to state a claim. First, Mr. Mayes's claims appear to be time-barred. (*See* Compl. at 8 (stating that the EEOC had determined that Mr. Mayes had not timely filed a charge).) Title VII requires that a plaintiff timely exhaust his administrative remedies before filing a civil complaint. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). To exhaust administrative remedies under Title VII, a plaintiff must file a charge with the EEOC within either (1) 180 days of the alleged employment discrimination, or (2) 300 days if the plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek

relief from such practice." *See* 42 U.S.C. § 2000e-5(e)(1). The EEOC dismissal states that Mr. Mayes's charge was not timely filed, and Mr. Mayes's complaint sheds no light on when the allegedly discriminatory conduct occurred. (*See* Compl. at 8; *see generally id.*)

In addition, Mr. Mayes's complaint contains insufficient factual allegations from which the court can reasonably infer disparate treatment and retaliation under Title VII. (*See* Compl.) Indeed, the only factual allegations Mr. Mayes includes are that Jason Doe "choked and harassed him" and that he was "later assaulted [and] then kick[ed] out [of] the program." (*See id.* at 4.) Without more, the complaint does not contain enough factual allegations to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. In other words, Mr. Mayes's complaint contains nothing more than the "unadorned the-defendant-unlawfully-harmed-me accusation" that Defendants racially discriminated against him. (*See* Compl.); *Iqbal*, 556 U.S. at 678. Such accusations are insufficient. *Iqbal*, 556 U.S. at 678.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Although Mr. Mayes's claims appear to be time-barred, dismissal without leave to amend is appropriate only "'if the assertions of the complaint, read with the required liberality, would not permit [the plaintiff] to prove that the statute was tolled.'" *Baker v. JPMorgan Chase Bank*, No. CV-14-02309-PHX-JZB, 2014 WL 6609354, at *3 (D. Ariz. Nov. 20, 2014) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *see also*

*Daniels v. City & Cty. of S.F.*, No. 17-cv-05914-MEJ, 2018 WL 2215740, at *2-3 (N.D. Cal. May 15, 2018) (granting leave to amend because "[i]t is not evident that [the p]laintiff could not allege facts which would allow him to successfully invoke equitable tolling"). In the Title VII context, equitable tolling "may apply against an employer when the employer misrepresents or conceals facts necessary to support a discrimination charge." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000); *see also id.* at 1178 (stating that for equitable tolling to apply, the plaintiff must have exercised reasonable diligence but been "unable to obtain vital information bearing on the existence of his claim."). If, however, the plaintiff "knew or reasonably should have known" of the facts underlying his claim within the timeframe required for bringing an EEOC charge, equitable tolling does not apply. *Id.* at 1178. Because the court cannot conclude at this time that equitable tolling does not apply, the court grants Mr. Mayes 21 days to file an amended complaint that corrects the deficiencies identified herein. If Mr. Mayes fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend. Because the court dismisses Mr. Mayes's complaint under § 1915 review, Mr. Mayes's pending motion to issue a summons is denied as moot.

### IV.  CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Mayes's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend within 21 days of the filing of this

//

//

order.  The court DENIES as moot Mr. Mayes's motion to issue a summons (Dkt. # 7). The court further DENIES Mr. Mayes's motion to appoint counsel (Dkt. # 6).

Dated this 29th day of May, 2018.

*/s/ James L. Robart*
JAMES L. ROBART
United States District Judge