UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES, | CASE NO. C18-0698JLR |
| Plaintiff, | ORDER OF DISMISSAL WITHOUT LEAVE TO AMEND |
| v. | |
| JASON DOE, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiff Mark Mayes's amended complaint and requests for appointment of counsel and issuance of summons. (Am. Compl. (Dkt. # 9).) Because Mr. Mayes continues to fail to state a claim, the court DISMISSES this matter without leave to amend and without prejudice and DENIES his requests for appointment of counsel and issuance of summons.

As in its prior order, the court first concludes that Mr. Mayes has not met his burden of establishing the circumstances that warrant appointment of counsel. (*See*

5/29/18 Order (Dkt. # 8).) Additionally, under 28 U.S.C. § 1915(e), district courts must review IFP complaints and dismiss those complaints if "at any time" the court determines that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). As discussed below, Mr. Mayes's amended complaint falls within the category of pleadings that the court must dismiss. Because the court dismisses Mr. Mayes's amended complaint, Mr. Mayes's motion to issue a summons is likewise denied as moot.

## II. BACKGROUND

Mr. Mayes is proceeding *pro se* and *in forma pauperis* ("IFP"). (*See* IFP Order (Dkt. # 4).) Mr. Mayes, who is African American, brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, against Loring Job Corps ("Job Corps") in Limestone, Maine, and Jason Doe, a Job Corps teacher. (*See* Am. Compl. ¶¶ 1.1-1.2, 3.2.) He alleges that he was treated differently than white students based on race while in Job Corps; that Jason Doe choked him; that he was physically assaulted by a white student; and that he was retaliated against after he complained about that conduct. (*Id.* ¶¶ 3.2-3.5.)

Mr. Mayes filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 3.7, Ex. 1; *id.*, Ex. 2 ("EEOC Letter").) Based on its investigation, the EEOC concluded that Mr. Mayes's "charge was not timely filed" because he "waited too

long after the date(s) of the alleged discrimination to file [his] charge." (EEOC Letter at 7.) On February 27, 2018, the EEOC issued a notice of Mr. Mayes's right to sue (*id.*), and Mr. Mayes filed this suit on May 15, 2018 (IFP Mot. (Dkt. # 1)).

On May 18, 2018, Magistrate Judge Brian A. Tsuchida, in granting Mr. Mayes IFP status, recommended that the court review the complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.) Mr. Mayes subsequently filed two motions: one requesting appointment of counsel and another seeking the issuance of summons. (*See* MTA; Mot.) The court dismissed his complaint and denied the motions. (*See* 5/29/18 Order.) On June 19, 2018, Mr. Mayes filed an amended complaint and renewed his requests for appointment of counsel and issuance of summons. (*See* Am. Compl.)

### III. ANALYSIS

**A. Motion to Appoint Counsel**

Mr. Mayes requests that the court appoint counsel. (Am. Compl. ¶ 3.9.) "A plaintiff has no constitutional right to appointed counsel for employment discrimination claims." *Shepherd-Sampson v. Paratransit Servs.*, No. C13-5888BHS, 2014 WL 3728768, at *2 (W.D. Wash. July 25, 2014). However, the court has authority to appoint counsel for actions brought under Title VII pursuant to 42 U.S.C. §§ 2000e-5(f)(1). *See id.* Courts evaluate three factors in ruling on the request: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).

//

The court concludes that Mr. Mayes's submissions do not support appointment of counsel. Although Mr. Mayes provides evidence of his attempts to secure counsel (*see* Am. Compl. ¶ 3.9, Ex. 3), he again makes no argument as to the likelihood of success on the merits of his claims (*see generally id.*; *see also* 5/29/18 Order at 4). After the court's independent review, the court cannot say that his claims are likely to succeed because they appear to be time-barred, *see infra* § III.B. Thus, the court denies Mr. Mayes's motion to appoint counsel.

**B.     Section 1915 Review**

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An IFP complaint must contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard articulated in Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). A person suffers disparate treatment

"when he or she is singled out and treated less favorably than others similarly situated on account of race." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotation marks omitted) (quoting *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988)). Additionally, Title VII protects against retaliation by making it unlawful for an employer to take adverse employment action against an employee because he "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).

For the same reasons the court articulated in its May 29, 2018, order, Mr. Mayes again fails to state a claim. (*See* 5/29/18 Order at 6-7.) Although Mr. Mayes now invokes the legal standard for equitable tolling (Am. Compl. ¶ 3.4), Mr. Mayes's claims nevertheless appear to be time-barred (*see* EEOC Letter at 7 (stating that the EEOC had determined that Mr. Mayes had not timely filed a charge).) Title VII requires that a plaintiff timely exhaust his administrative remedies before filing a civil complaint. *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). To exhaust administrative remedies under Title VII, a plaintiff must file a charge with the EEOC within either (1) 180 days of the alleged employment discrimination, or (2) 300 days if the plaintiff "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." *See* 42 U.S.C. § 2000e-5(e)(1). In the Title VII context, equitable tolling "may apply against an employer when the employer misrepresents or conceals facts necessary to support a discrimination charge." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000); *see also id.* at 1178 (stating that for equitable tolling to apply, the plaintiff must have exercised reasonable

diligence but been "unable to obtain vital information bearing on the existence of his claim"). If, however, the plaintiff "knew or reasonably should have known" of the facts underlying his claim within the timeframe required for bringing an EEOC charge, equitable tolling does not apply. *Id.* at 1178.

The EEOC dismissal states that Mr. Mayes's charge was not timely filed, and Mr. Mayes's amended complaint contains no facts giving rise to the reasonable inference that he did not—or could not—have known of the facts underlying his claims before the limitations period expired. (*See* EEOC Letter at 7; *see* Am. Compl. ¶ 3.4 (stating that Mr. Mayes "did not know of the EEOC" and that equitable tolling is available if "the plaintiff[,] despite reasonable care and diligent efforts, did not [timely] discover" the facts).) Mr. Mayes also makes no allegations of any misrepresentation or concealment on Job Corps' part. *See Santa Maria*, 202 F.3d at 1177. Thus, the court concludes that Mr. Mayes's amended complaint fails to state a claim.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Mr. Mayes's amended complaint fails to cure the defects in the initial complaint (*see* 5/29/18 Order), which makes clear that further amendment could not remedy those defects. Thus, the court declines to grant further leave to amend.

//

//

//

## IV. CONCLUSION

For the reasons set forth above, the court DISMISSES Mr. Mayes's amended complaint (Dkt. # 9) without leave to amend and without prejudice. The court also DENIES Mr. Mayes's request for court-appointed counsel and the issuance of summons (Dkt. # 9).

Dated this 2nd day of July, 2018.

JAMES L. ROBART
United States District Judge